## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DEPUY SYNTHES PRODUCTS, LLC,     )
     )
     Plaintiff,     )
     )     C.A. No. 14-11-RGA
     v.     )
     )     **JURY TRIAL DEMANDED**
GLOBUS MEDICAL, INC.,     )
     )
     Defendant.     )

### DEFENDANT'S ANSWER, DEFENSES AND COUNTERCLAIMS
### TO PLAINTIFF'S COMPLAINT

Defendant Globus Medical, Inc. ("Globus") answers the Complaint of Plaintiff DePuy

Synthes Products, LLC ("Plaintiff" or "Synthes") as follows in like numbered paragraphs:

### THE PARTIES

1.     Upon information and belief, Globus admits that Plaintiff DePuy Synthes

Products, LLC is a Delaware limited liability company.  Globus lacks sufficient information and

belief to admit or deny the remaining allegations of paragraph 1, and accordingly, they are

denied.

2.     Globus admits that it is a Delaware corporation with a principal place of business

at Valley Forge Business Center, 2560 General Armistead Avenue, Audubon, Pennsylvania

19403.

### NATURE OF THE ACTION

3.     Globus admits that Plaintiff purports to state a claim that arises under the patent

laws of the United States, 35 U.S.C. § 1, *et seq*. but denies the remaining allegations in

Paragraph 3.

## JURISDICTION AND VENUE

4. Upon information and belief, Globus admits that this Court has subject matter jurisdiction.

5. Globus admits that it is incorporated in this district and that it does business in this judicial district, and Globus does not contest personal jurisdiction for purposes of the present case. Except as expressly admitted herein, Globus denies all other allegations of Paragraph 5.

6. Globus admits that venue is proper in this Court.

## COUNT 1

7. Globus repeats and incorporates each of the preceding paragraphs of this Answer, Defenses, and Counterclaims as if fully set forth herein.

8. Globus admits that, on its face, the '057 patent is entitled "Spinal Stabilization Device," and states, on its face, that it was issued on January 7, 2014. Globus admits that Exhibit A to Plaintiff's Complaint appears to be a copy of the '057 patent. Except as expressly admitted herein, Globus denies all other allegations of Paragraph 8.

9. Globus admits that, on its face, the '057 patent identifies Plaintiff as the assignee.

10. Globus admits that, on its face, the '057 patent identifies Tae-Ahn Jahng, Jason Yim, and Brian Scott Bowman as inventors.

11. Globus denies the allegations of Paragraph 11.

12. Globus denies the allegations of Paragraph 12.

## PRAYER FOR RELIEF

13. Globus denies that Plaintiff is entitled to the requested relief identified in items (A) through (I) of its Prayer for Relief or any other relief.

## DEFENSES

14.     Globus hereby asserts the following defenses without undertaking or shifting any applicable burdens of proof.  Globus reserves the right to assert additional defenses, as warranted by facts learned through investigation and discovery.

### Failure to State a Claim

15.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Non-Infringement

16.     Globus does not and has not directly infringed, indirectly infringed, contributed to, or induced infringement of any valid and enforceable claim of the '057 patent.

### Invalidity

17.     One or more claims of the '057 patent are invalid for failure to comply with one or more provisions of Title 35, United States Code, Sections 101 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

### Estoppel

18.     By reason of proceedings in the United States Patent and Trademark Office during the prosecution of the applications that resulted in the issuance of the '057 patent, as shown by the prosecution histories thereof, Plaintiff is estopped from maintaining that one or more claims of the '057 patent cover Globus' accused product.

### No Immediate or Irreparable Injury

19.     Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff would have an adequate remedy at law.

## COUNTERCLAIMS

Defendant Globus Medical, Inc. asserts the following counterclaims against Plaintiff:

### The Parties, Jurisdiction and Venue

1.    Globus Medical, Inc. is a Delaware corporation with its principal place of business in Audubon, Pennsylvania.

2.    Plaintiff DePuy Synthes Products, LLC ("Synthes") has alleged it is a Delaware limited liability company.  Upon information and belief, Synthes has a principal place of business in Raynham Massachusetts.

3.    These counterclaims arise under the patent laws of the United States, Title 35, United States Code.  Accordingly, this Court has subject matter jurisdiction over these counterclaims under 28 U.S.C. §§ 1331 and 1338(a).

4.    A real, immediate, and justiciable controversy exists between Globus and Synthes with respect to the invalidity and non-infringement of the '057 patent due to Synthes' allegations of infringement.  Accordingly, this Court also has subject matter jurisdiction over these counterclaims under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

5.    As the plaintiff in the above-captioned lawsuit, Synthes has consented to personal jurisdiction and venue in this Court.

### COUNT ONE:  DECLARATORY RELIEF REGARDING INFRINGEMENT

6.    Synthes purports to be the assignee of the entire right, title, and interest in the '057 patent.

7.    Synthes is the plaintiff in the present action and has sued Globus for alleged infringement of one or more claims of the '057 patent.  Thus, an immediate, real, and justifiable

controversy exists between Synthes and Globus with respect to whether Globus has infringed any valid and enforceable claim of the '057 patent.

8.        Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§2201 *et seq.*, Globus requests a declaration from the Court that Globus has not infringed any valid and enforceable claims of the '057 patent, either literally, or under the doctrine of equivalents.

## COUNT TWO:  DECLARATORY RELIEF REGARDING INVALIDITY

9.        Globus incorporates by reference the allegations in paragraphs 1-8 of its Counterclaims.

10.        Synthes has sued Globus in the present action, alleging infringement of one or more claims of the '057 patent.  Thus, an immediate, real, and justifiable controversy exists between Synthes and Globus with respect to the validity of the claims of the '057 patent.

11.        Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§2201 *et seq.*, Globus requests a declaration from the Court that one or more claims of the '057 patent are invalid under 35 U.S.C. §§ 101, 102, 103, 112, and/or any other applicable statute or doctrine.

## EXCEPTIONAL CASE

12.        This is an exceptional case under 35 U.S.C. § 285 and as such, Globus is entitled to recover from Synthes its attorneys' fees and costs in connection with defending against Synthes' baseless action.

## DEMAND FOR JURY TRIAL

13.        Globus hereby demands a jury trial for all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, Defendant-Counterplaintiff Globus Medical, Inc. prays that this Court enter judgment:

A.      declaring that Synthes' Complaint be dismissed with prejudice, and a take-nothing judgment be entered in favor of Globus;

B.      declaring that each claim of the '057 patent is invalid;

C.      declaring that Globus has not directly or indirectly infringed any claim of the '057 patent either literally or under the doctrine of equivalents;

D.      declaring that this is an exceptional case and awarding Globus its attorneys' fees and costs under 25 U.S.C. §285;

E.      enjoining Synthes and its officers, employees, agents, alter-egos, attorneys, and any person in active concert or participation with them, from charging infringement of or instituting any action for infringement of the '057 patent against Globus or any of its customers;

F.      granting Globus such other and further relief as the Court deems just and proper.

                              Respectfully submitted,

                              POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Vivian S. Kuo                         By:   _/s/ David E. Moore_____
Robert F. Ruyak                              Richard L. Horwitz (#2246)
WINSTON & STRAWN LLP                         David E. Moore (#3983)
1700 K Street, N.W.                          Bindu A. Palapura (#5370)
Washington, DC 20006                         Hercules Plaza 6th Floor
Tel: (202) 282-5000                          1313 N. Market Street
                                             Wilmington, DE  19899
Luke A. Culpepper                            Tel:   (302) 984-6000
Kevin A. Keeling                             rhorwitz@potteranderson.com
WINSTON & STRAWN LLP                         dmoore@potteranderson.com
1111 Louisiana, 25th Floor                   bpalapura@potteranderson.com
Houston, TX 77002
Tel: (713) 651-2600                   *Attorneys for Defendant Globus Medical, Inc.*

Dated:  February 28, 2014
1141172 / 37175

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

## <u>CERTIFICATE OF SERVICE</u>

I, David E. Moore, hereby certify that on February 28, 2014, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on February 28, 2014, the attached document was electronically mailed to the following person(s)

John Shaw
Karen E. Keller
David M. Fry
SHAW KELLER LLP
300 Delaware Ave., Ste 1120
Wilmington, DE 19801
jshaw@shawkeller.com
kkeller@shawkeller.com
dfry@shawkeller.com

Matthew J. Becker
Edward M. Mathias
Tara R. Rahemba
AXINN, VELTROP & HARKRIDER LLP
90 State House Square, 9th floor
Hartford, CT  06103-3704
mjb@avhlaw.com
emm@avhlaw.com
trr@avhlaw.com

Diane C. Ragosa
AXINN, VELTROP & HARKRIDER LLP
114 West 47th Street
New York, NY  10036
dcr@avhlaw.com

By:   */s/ David E. Moore*
      Richard L. Horwitz
      David E. Moore
      Bindu A. Palapura
      Hercules Plaza, 6th Floor
      1313 N. Market Street
      Wilmington, Delaware  19801
      (302) 984-6000
      rhorwitz@potteranderson.com
      dmoore@potteranderson.com
      bpalapura@potteranderson.com

1137166 / 37175